IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MYRON FLEMING, #053999,
    Petitioner,

vs.                                    Case No.:  3:06cv7/LAC/EMT

JAMES CROSBY, JR.,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Now pending is Petitioner's response to an order of this court directing him to show cause why the instant habeas action should not be dismissed for lack of jurisdiction (*see* Docs. 8, 16). Leave to proceed in forma pauperis has been granted (Doc. 8).

    Petitioner is a state prisoner incarcerated at Santa Rosa Correctional Institution. Pursuant to a guilty plea, Petitioner was convicted in the Circuit Court in and for Lee County, Florida, of first degree felony murder, attempted robbery, and two counts of attempted first degree murder (Doc. 1 at 1). Petitioner was originally sentenced to death, but after review by the Florida Supreme Court, he was resentenced (Doc. 1 at 1). *See* Fleming v. State, 374 So.2d 954 (Fla. 1979). In the instant petition, Petitioner acknowledges that he previously filed a petition for writ of habeas corpus challenging his conviction and/or sentence in the United States District Court for the Middle District of Florida, Case No. 2:99cv277, that the petition was dismissed as untimely, and that the appeal of that decision was ultimately denied (Doc. 1 at 1, 2).

    Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). Some

types of collateral challenge do not render subsequent habeas petitions "second or successive." *See* McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486-87, 120 S.Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-44, 118 S.Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Carlson v. Pitcher, 137 F.3d 416, 420 (6th Cir. 1998) (habeas petition filed after previous petition has been dismissed without prejudice to allow petitioner to pursue state remedies is not "second or successive"); McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997) (same); Camarano v. Irvin, 98 F.3d 44, 46-47 (2d Cir. 1996) (same); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

In the instant case, Petitioner acknowledges that his prior federal habeas petition was dismissed with prejudice on the ground that it was untimely. Because Petitioner filed the instant petition challenging the same conviction, and his prior federal habeas petition was deemed untimely, the instant petition is "second or successive." This court issued an order directing Petitioner to state whether he obtained an order from the Eleventh Circuit authorizing this court to consider his successive petition and, if not, why the instant petition should not be dismissed (Doc. 8). Petitioner responded by submitting a response, a twenty-five (25) page memorandum, and fifty-nine (59) pages of exhibits, arguing that his petition should not be subject to the restrictions of section 2254, and that he is entitled to review because he is innocent of his crimes (Docs. 15, 16).

Although Petitioner may properly file his habeas petition under 28 U.S.C. § 2241, his petition is subject to the rules and restrictions found in section 2254 because he is imprisoned pursuant to a state court judgment. Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004)

(citation omitted). Additionally, Petitioner failed to show that he has obtained the requisite permission from the Eleventh Circuit to file the instant petition.  This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition or his claim of actual innocence.  For this reason, this case should be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Petitioner's habeas petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2.      That all pending motions be **DENIED** as moot.

At Pensacola, Florida  this 27th day of March 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**